PER CURIAM:
*176 Claimant brought this action for vehicle damage which occurred when her 2006 Ford Fusion struck a hole while she was driving on W.Va. Route 94 in Hernshaw, Kanawha County. W.Va. Route 94 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 4:30 p.m. on March 25, 2008. W.Va. Route 94 is a two-lane, paved road with a posted speed limit of forty-five miles per hour. At the time of the incident, claimant was driving at approximately forty miles per hour, and her husband and son were passengers in the vehicle. As she drove near the Hernshaw Post Office, her vehicle struck a hole that was situated toward the yellow center line and was approximately twelve inches long and eight inches wide. Although she travels this road on a regular basis, she did not notice the hole on a prior occasion. As a result of this incident, claimant’s vehicle sustained damage to its front, left tire in the amount of $78.03.
The position of the respondent is that it did not have actual or constructive notice of the condition on W.Va. Route 94. John Wayne Walker, Maintenance Assistant for respondent in Kanawha, Boone, and Mason County, testified that he is familiar with the area where claimant’s incident occurred. He stated that W.Va. Route 94 is a first priority road in terms of its maintenance. He does not recall receiving any complaints regarding this particular hole prior to March 25, 2008.
The well-established principle of law in W est Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole which claimant’s vehicle struck and that the hole presented a hazard to the traveling public. The size of the hole and its location on the road lead the Court to conclude that respondent had notice of this hazardous condition. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to her vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $78.03.
Award of $78.03.